**John Wayne FERGUSON, Petitioner,**

v.

**FEDERAL AVIATION ADMINISTRATION, Respondent.**

**No. 11–72569.**

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 2013.[*]

Filed June 21, 2013.

Philip Leslie Johnson, Esquire, Law Offices of Philip L. Johnson, Rolling Hills Estates, CA, for Petitioner.

Agnes M. Rodriguez, Esquire, Senior, James W. Whitlow, Esquire, Federal Aviation Administration, Office of the Chief Counsel, Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, GOULD and N.R. SMITH, Circuit Judges.

## MEMORANDUM [**]

1. The record shows that the charter company for which Ferguson piloted three flights designated those flights as "charter" in its maintenance log and was paid

[**] This disposition isn't appropriate for publication and isn't precedent except as provided by 9th Cir. R. 36–3.

for the time period in which Ferguson flew. And Ferguson doesn't argue that he shared a common purpose with his passengers. Therefore, even if we disregard the FAA inspector's testimony, the NTSB's determination that Ferguson piloted commercial flights "logically arise[s]" from the facts in this case. *Meik v. NTSB,* 710 F.2d 584, 586 (9th Cir.1983).

2. Ferguson fails to demonstrate that the ALJ showed bias stemming from an extrajudicial source or " 'a deep-seated favoritism or antagonism that would make fair judgment impossible.' " *Miller v. Commodities Futures Trading Comm'n,* 197 F.3d 1227, 1235 (9th Cir.1999) (quoting *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). Ferguson's argument that the NTSB is an outlier in not providing for automatic reassignment on remand is meritless. *See Eolas Techs., Inc. v. Microsoft Corp.,* 457 F.3d 1279, 1283 (Fed.Cir.2006) (noting Seventh Circuit is "unique" in making automatic reassignment on remand for new trial "the norm").

3. The NTSB did not err in ordering additional cross-examination, rather than a new hearing, on remand. While a vacated decision has no legal effect, *U.S. Bancorp Mortg. Co. v. Bonner Mall P'Ship,* 513 U.S. 18, 22–23, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), it doesn't follow that vacatur requires a new trial in all instances; it frequently doesn't.

**PETITION DENIED.**

---

* The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.